**D. Reynaldo DIAZ, Plaintiff,**

v.

**CITY OF MIAMI BEACH, Defendant.**

No. 92–2522–CIV–KING.

United States District Court,
S.D. Florida.

July 30, 1993.

D. Reynaldo Diaz, pro se.

Laurence Feingold, City Atty. and Kelli V. Myers, Asst. City Atty., City of Miami Beach, Miami Beach, FL, for defendant.

*ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, AND GRANTING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT*

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court on a Motion to Dismiss filed on June 14, 1993 by Defendants City of Miami Beach and Miami Beach Police Department, and a Motion to Dismiss First Amended Complaint filed on July 19, 1993. Defendants' first Motion to Dismiss was made in response to a Complaint filed by Plaintiff Reynaldo Diaz alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964. Defendants' Motion to Dismiss First Amended Complaint was made in response to Plain-

tiff's First Amended Complaint filed on June 30, 1993.

In filing his Complaints, Plaintiff was not represented by counsel. The original Complaint consists of a dossier of allegations, correspondence, and testimonials establishing a *prima facie* case of unlawful discrimination (filed on October 27, 1992) and a right-to-sue letter issued by the EEOC on August 7, 1992 (filed on September 2, 1992). Both were filed within ninety days of the issuance of the right-to-sue letter as required by Title VII. Plaintiff's First Amended Complaint was filed without first asking leave to file it.

Defendants in these two motions argue for dismissal essentially on six grounds: (1) The right-to-sue letter and accompanying dossier intended by Plaintiff to serve as a complaint fail to state the grounds of this Court's jurisdiction, as required by the Federal Rules of Civil Procedure; (2) The materials intended as a complaint fail to show that Plaintiff is entitled to relief, as required by the Federal Rules; (3) Plaintiff failed to sign the Complaint; (4) The materials mentioned above cannot serve as a complaint because they are deficient in the respects outlined above, and therefore no complaint has been filed within the 90–day maximum period as required by statute; (5) The case was incorrectly styled in the original complaint, in that the named defendant was the Miami Beach Police when it should in fact have been the City of Miami Beach; (6) Service of process was never perfected because it was effected by mail on a government agency (the Miami Beach Police), in derogation of the Federal Rules and the Florida Rules, and by the time the summons was hand delivered to the proper defendant (the City of Miami Beach), more than 120 days had passed since the filing of the original complaint, thus violating Federal Rule 4(j).

*Service of Process*

The only one of these objections that is fatal to Plaintiff in this case is the last: that the proper Defendant was not served within the mandatory time limits. This Court attempts to be more generous in its application of procedural rules against a party acting *pro se*; however, in the case at hand, the Court must dismiss the action.

If the Court recognized the original Complaint as commencing the action, then the summons issued on the proper Defendant (that is, the City of Miami Beach) would have been served more than 120–days following the filing of the Complaint. This would violate Rule 4(j) of the Federal Rules of Civil Procedure and would consequently mandate dismissal of the action.

On the other hand, the Court could disregard Plaintiff's original Complaint, in favor of accepting the First Amended Complaint. This would result in a finding that the Summons issued on the City of Miami Beach was served within 120 days of the commencement of the action. However, 42 U.S.C. § 2000e–5(f)(1) requires a plaintiff to file a suit such as this one within 90 days of the date the Equal Employment Opportunity Commission issues a right-to-sue letter. This second approach would result in a finding that the 90–day period of limitations had expired prior to the commencement of the action by the filing of the Amended Complaint.

Furthermore, even if the Court were inclined to view the original Complaint as commencing the action thereby satisfying the 90–day filing requirement, and to view the Amended Complaint as restarting the time period in which to serve the proper Defendant thus satisfying the 120–day period for service of process; the Court would still be faced with the fact that Plaintiff had not followed proper procedure by serving even the incorrectly named Defendant within the 120 days following the filing of the original Complaint. Thus, it would not be possible to bootstrap the two complaints together in order to satisfy both time limitations.

*Inadequate Complaint*

In its two Motions to Dismiss, Defendants argue at length that because the original Complaint was allegedly deficient, the action should now be considered time-barred. As support for this position, Defendants rely on *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984). In *Welcome Center,* the Supreme Court held that the mere filing of a right-to-sue letter was not sufficient either to serve as a complaint or to toll the statute of limita-

tions until the filing of a complaint. The Court stated, "Although the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' Because the initial 'pleading' did not contain such notice, it was not an original pleading that could be rehabilitated...." *Id.,* at 149, n. 3, 104 S.Ct. at 1725, n. 3, (quoting *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

In contrast with *Welcome Center,* Plaintiff in the case at hand filed more than just the right-to-sue letter. The dossier of allegations, correspondence, and testimonials establishes a *prima facie* case of discrimination and "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." In *Welcome Center,* the plaintiff had sent a similar letter to the Court. The dissent relied at least partially on that letter to argue against dismissal. The reasons given by the majority for not accepting the letter as a complaint were that the plaintiff had not requested any court, including the Supreme Court, to treat the letter as a complaint, despite being represented by counsel at all levels of litigation. In addition, the majority declined to assess the significance of the letter because the Court was without the views of the lower courts on the matter. Thus the majority expressly limited the scope of its opinion by stating, "The issue before the Court of Appeals and before this Court is whether the filing of a right-to-sue letter with the District Court constituted the commencement of an action." *Id.,* at 150, n. 4, 104 S.Ct. at 1725, n. 4. The Supreme Court in *Welcome Center* left open to the District Courts whether in a given case additional materials filed with the right-to-sue letter contain sufficient information to constitute the commencement of an action.

In the case at hand, the materials filed with the right-to-sue letter clearly "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." In fact, the opening letter of the dossier (dated May 27, 1992 and filed with the Court on October 27, 1992) goes far beyond the minimum required of a complaint. This *pro se* filing may not expressly address the jurisdiction of this Court, but it specifies the federal law allegedly violated by Defendant; and in its nine single-spaced pages, it proceeds to detail specific incidents of those violations. It is accompanied by copies of annual performance reviews for several years; testimonials by individuals, including a former police captain, buttressing Plaintiff's allegations; and inter-office memoranda, as well as other documents. Defendant can hardly contend that the filings did not provide it with fair notice of the charges against it.

Furthermore, two additional factors lacking in *Welcome Center* are present in this case, namely, that Plaintiff is acting *pro se* and that a summons was issued based on the original filing by Plaintiff. In *Welcome Center,* the majority pointed out that the plaintiff was represented by counsel by the time the District Court dismissed the action and therefore would bear the consequences of deciding not to request the court to consider the letter as a complaint. In focusing on the time when the plaintiff in *Welcome Center* was acting *pro se,* the dissent noted that "the purpose of pleading is to facilitate a proper decision on the merits." *Id.,* at 163, 104 S.Ct. at 1732 (Stevens, J., dissenting) (quoting *Conley v. Gibson,* 355 U.S. at 47, 78 S.Ct. at 103). The dissent also pointed to Rule 8(f) of the Federal Rules of Civil Procedure, which provides that "[a]ll pleadings shall be so construed as to do substantial justice." In the case at hand, Plaintiff was, and is still, acting *pro se;* and he must be "protect[ed] ... [from] simply ... not properly denominat[ing his] motion or pleading in the terms used in the Federal Rules." *Id.,*

Additionally, in *Welcome Center* the Court apparently viewed as significant the fact that the original filing did not cause a summons to be issued on the defendant and thus had not been treated as a complaint from the start. In the case at hand, by contrast, Plaintiff's filing of the dossier of documents, together with the right-to-sue letter, was treated as a complaint and did, indeed, cause a summons to be issued on the named Defendant (al-

though, of course, that summons was served late and the named Defendant was the incorrect party).

*Conclusion*

Had Plaintiff complied with the time limitations dictated by statute and the Federal Rules, this Court would have been free to assess the significance of the materials accompanying the right-to-sue letter in Plaintiff's first two filings with the Court, while taking into consideration that he was acting *pro se* and that the filings had been treated by the Court as a complaint, causing a summons to be issued on the named Defendant. In assessing the significance of all the materials initially filed by Plaintiff, this Court would have found, as detailed above, that the filings were sufficient to constitute the commencement of an action because, *inter alia,* they provided Defendant with fair notice of the claim against it and the grounds upon which it rested. Under the circumstances, however, the Court is precluded from such review because Plaintiff did not comply with the time requirements.

If the Court now accepts Plaintiff's original Complaint as commencing the action, then it must find that the time limit had expired prior to service of process upon the proper defendant. If the Court looks solely to the Amended Complaint as commencing the action, service of process would have been timely executed, but the action would not have been commenced within the time allowed under 42 U.S.C. § 2000e–5(f)(1). If the Court attempted to view the complaints together, thereby satisfying both time limitations (the original Complaint being filed within 90 days of the right-to-sue letter and the proper Defendant being served within 120 days of the Amended Complaint), the Court would come up against the fact that Plaintiff had failed to serve even the incorrectly named Defendant within the 120 days following the original Complaint.

Accordingly, after a careful review of the record, and the Court being otherwise fully informed in the premises, it is

ORDERED, ADJUDGED, and DECREED that Defendants' Motion to Dismiss and Motion to Dismiss First Amended Complaint be, and the same are hereby, GRANTED.

DONE and ORDERED.